IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cr. No. 05-1858 MV |
| **DAVID I. GARCIA**, | |
| Defendant. | |

### UNITED STATES' RESPONSE IN OPPOSITION
### TO DEFENDANT'S PETITION FOR A WRIT OF *AUDITA QUERELA*

The United States respectfully submits this response to Defendant's Petition for a Writ of Audita Querela and asks the Court to deny the relief sought. *See* Doc. 139.

### BACKGROUND[1]

**I. Procedural Background**

1.  In January of 2005, Mr. Garcia received stolen property valued over $250.00, received and/or transferred a stolen vehicle, and possessed methamphetamine—all of which were fourth-degree felonies under New Mexico state law. Doc. 130-1 at 1. He pleaded guilty to those crimes at the state level on April 20, 2005, via a written plea agreement. Doc. 130-3 at 4. On August 22, 2005, the state court issued a written judgment and order deferring Mr. Garcia's sentence for those crimes for three years.[2] Doc. 130-1 at 2–3; *see also* Doc. 130-2 at 1. In

---

[1] The background contained here is nearly identical to that contained in the United States' response to the petition for writ of coram nobis and is condensed and repeated here for easy reference. *See* Doc. 133.

[2] Mr. Garcia appeared before the state court for sentencing on August 5, 2005. Doc. 130-1 at 1. The relevant documentation does not expressly indicate whether the state court

1

return, the state court required Mr. Garcia to serve a term of probation corresponding to the length of the deferment, i.e., three years' probation. Doc. 130-1 at 2.

    2.    Those state convictions served as the underlying convictions for a later federal indictment against Mr. Garcia for being a felon in possession of a firearm. On August 23, 2005—just a day after the New Mexico state court issued its written judgment and order deferring Mr. Garcia's sentence—a federal grand jury charged Mr. Garcia with illegally possessing a firearm six days earlier on August 17, 2005. Doc. 2 at 1. And the grand jury alleged that his possession of the firearm had been illegal because Mr. Garcia had been convicted on or about April 20, 2005[,] in the Fourth Judicial District Court for the State of New Mexico of Receiving Stolen Property over $250.00, Receiving/Transferring a Stolen Motor Vehicle[,] and Possession of Methamphetamine . . . , crimes punishable by imprisonment for a term exceeding one year. *Id.*; *see also* 18 U.S.C. § 922(g)(1) (criminalizing the possession of a firearm or ammunition by any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year"). The grand jury, therefore, determined that Mr. Garcia had been "convicted" of his state crimes on the day that he had pleaded guilty to them (April 20, 2005—four months before he had possessed the firearm) instead of on the day that the state court had issued its written judgment (August 22, 2005—five days after he had possessed the firearm). *See* Doc. 2 at 1.

    3.    Mr. Garcia eventually pleaded guilty to the felon in possession charge, and the federal district court sentenced him to a 37-month term of imprisonment followed by supervised release. *See generally* Doc. 18; *see also* Doc. 26 at 2–3. After serving that initial term of

---

pronounced an oral sentence at that hearing. *See id.* at 1–3. In any event, the state court memorialized Mr. Garcia's judgment and sentence in writing on August 22, 2005.

imprisonment, Mr. Garcia fully completed his sentence obligations on July 14, 2017. *See* Doc. 127 at 2.

## II. *Rehaif v. United States*, 139 S. Ct. 2191 (2019)

4.      On June 21, 2019, the Supreme Court issued its decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), where it held that 18 U.S.C. § 922(g) requires the government to prove, as an element of the offense, "that the defendant knew he possessed a firearm *and also* that he knew he had the relevant status"—that is, that he knew he was a prohibited person— "when he possessed it." *Id.* at 2194 (emphasis added). That ruling overturned "an interpretation that ha[d] been adopted by every single Court of Appeals to address the question" and "used in thousands of cases for more than 30 years." *Id.* at 2201 (Alito, J., dissenting). Before *Rehaif*, the government did not need to prove that a defendant *knew* he was a prohibited person; the government simply needed to prove that the defendant *was* a prohibited person. *See id.*; *see also United States v. Trujillo*, 960 F.3d 1196, 1200–01 (10th Cir. 2020) (observing that, prior to *Rehaif*, Tenth Circuit law did not require the government to prove a defendant's knowledge of his prohibited status).

5.      Following the decision in *Rehaif*, Mr. Garcia first sought a writ of coram nobis before the Court. Doc. 130. Therein, Mr. Garcia set forth his argument that *Rehaif* affected his underlying conviction for being a felon in possession of a firearm because, in his view, he couldn't have known that he was a convicted felon on August 17, 2005 (the day that he possessed the firearm) because he wasn't actually a felon on that day. *Id.* at 2, 8. As support, Mr. Garcia cited several cases from New Mexico state court supposedly proving that he was "not convicted until August 22, 2005"—the day that his state "judgment and sentence was filed" in writing. *Id.* at 7, ¶ 20 (collecting cases). Mr. Garcia argued that his lack of knowledge "of any

prohibited status" on August 17, 2005, warranted "vacat[ing] his conviction and dismiss[ing] the charges" because he "plea[ded] guilty to a crime without . . . knowing that his conduct was illegal" and without knowing "all the elements of the crime." *Id.* at 4, 8, 10–11, ¶¶ 14, 21, 23, 28(b).

6. The Court denied Mr. Garcia's petition on July 12, 2022, but pointed him to the writ of audita querela as a potential route for the relief sought. Doc. 138.

## DISCUSSION

Mr. Garcia now seeks to challenge his judgment through the writ of audita querela for the reason that his judgment was correct at the time rendered but was later rendered infirm. The United States asks the Court to deny this petition as he has failed to make a showing sufficient to warrant relief.

### I. Background: the Writ of Audita Querela

The writ of audita querela is a common law writ that permits a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to issuance of the judgment. *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010) ("a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition."). While the writ has been abolished in civil practice, Fed. R. Civ. P. 60(e), some criminal opinions have suggested that the writ might still exist pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to the extent needed to address "a legal objection not cognizable under existing federal postconviction remedies." *United States v. Ayala*, 894 F.2d 425, 430 (D.C. Cir. 1990) (citing *United States v. Morgan*, 346 U.S. 502 (1954); *United States v. Ballard*, 334 F. App'x 141, 143 (10th Cir. 2009) (noting lack of Supreme Court holding that audita querela is available through the All Writs Act); *see also,*

4

*Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (noting audita querela is available "to the extent that it fills in gaps in the current system of post conviction relief"); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam). The Court previously notified the parties of its belief audita querela relief is available in the criminal context. Doc. 138 at 14.

In practice, it seems petitions for audita querela relief are routinely denied on the grounds that 28 U.S.C. § 2255 or coram nobis provide the appropriate remedy, and therefore "[t]here is no gap to fill in the post conviction remedies." *Massey*, 581 F.3d at 174 (audita querela not available when there is a cognizable claim under § 2255"); *Valdez-Pacheco*, 237 F.3d at 1080 (same); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (same). A defendant's failure or inability to satisfy § 2255's requirements, including timeliness and the threshold requirements, does not warrant resort to audita querela. *See, e.g., Valdez-Pacheco*, 237 F.3d at 1080 (gatekeeping); *Persico v. United States*, 418 F. App'x 24, 26 (2d Cir. 2011) (limitations period). The Tenth Circuit has acknowledged that "a petition for a writ of audita querela might afford post-conviction relief to a criminal defendant to challenge a conviction or sentence to the extent it fills gaps in the current system of post-conviction relief." *United States v. Harris*, 391 F. App'x 740, 743 (10th Cir. 2010).

Some district courts have awarded relief under audita querela on "equitable" grounds. Most appellate courts, however, have rejected this position—"if the writ survives, it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment," and "[p]urely equitable grounds for relief" do not suffice. *Miller*, 599 F.3d at 488; *see also United States v. Holder*, 936 F.2d 1, 3 (1st Cir. 1991) (per curiam); *United States v.*

5

*Ayala*, 894 F.2d 425, 429 (D.C. Cir. 1990) (*citing Morgan*, 346 U.S. 502); *but see Ejelonu v. I.N.S., Dept. of Homeland Sec.*, 355 F.3d 539, 548 (6th Cir. 2004) (concluding that audita querela is essentially equitable in character) (vacated, July 28, 2004).

## II. Audita Querela Relief is Not Justified

It is difficult to fully tease out Defendant's core claim here. To the extent Defendant's claim is that he was wrongly charged and convicted under 18 U.S.C. § 922 because he was not a felon until judgment had been entered, *Rehaif* is irrelevant. Defendant was, in fact, a felon on August 17, 2005. Doc. 138 (the Court finding "Mr. Garcia cannot establish actual innocence based on his status, because Mr. Garcia had already been convicted of a felony on the day that he was found to be in possession of a firearm."). Defendant did not file a motion to dismiss, a direct appeal, or a § 2255 claim for ineffective assistance of counsel contending he was improperly advised. Absent utilization of these remedies, coram nobis would be the proper remedy as it is used to challenge a judgment that was infirm "at the time it was issued." Doc. 138 at 12. If this was the core of Defendant's argument, then he bore the burden of appealing the denial of his coram nobis petition. He chose not to and instead sought audita querela relief. The presence of this available equity cuts against his present argument for relief.

To the extent Defendant's core claim under his present petition is that he did not *know* he was a felon, then the Court can look to *Rehaif*. This claim, however, is not persuasive on the facts before the Court because Defendant still fails to show why audita querela relief is appropriate in light of his state felonies. The United States is unclear how Defendant can maintain that he did not know he was a felon when he pleaded guilty to <u>several</u> felonies. The *Rehaif* test is knowledge. And knowledge of one's felon status is not inherently dependent on the existence of a judgment, particularly where there is no reason to believe that judgment would not

be forthcoming. When Mr. Garcia pleaded guilty to his three state crimes on April 20, 2005, the state court noted that Mr. Garcia understood "the range of possible sentences for the offenses charged, from probation to a maximum of four and one half years incarceration and a fine of $15,000.00." Doc. 130-3 at 3. That is, as of April 20, 2005, Mr. Garcia must have necessarily known either that one of his three state convictions had a maximum sentence of 4.5 years' imprisonment, or that each of his three convictions had a maximum sentence of 1.5 years' imprisonment but could run consecutively to each other. Therefore, Mr. Garcia necessarily knew that at least one of his three state convictions was "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). When Mr. Garcia was caught with a firearm several months later, he knew that he was a felon in the way that *Rehaif* requires.

Mr. Garcia's arguments fail the basic test for audita querela relief—he has failed to demonstrate that his federal judgment has been rendered "infirm by matters that arose after its rendition." *Miller*, 599 F.3d at 478. Mr. Garcia is not factually innocent, nor does he have a viable claim of legal innocence when the record clearly demonstrates knowledge of his felon status. Despite the Court expressly inviting Mr. Garcia to set forth facts to demonstrate his actual lack of knowledge, Doc. 138 at 10-11 n.4, he makes no new arguments that warrant relief. He cannot refute that he was advised of the penalties associated with his state crimes at the time of conviction—and it is the penalty that controls, not the ultimate sentence imposed. 18 U.S.C. § 922 ("…a crime *punishable* by imprisonment for a term exceeding one year."). For this reason, Mr. Garcia's argument regarding a deferred sentence is unavailing. *See also* Doc. 133 at 10. Any mistake of law on Mr. Garcia's part cannot serve as a basis for relief. *See* Doc. 138 at 6 (noting the conviction, not the sentence, is the finding of guilty).

It is worth mentioning that it seems unclear whether collateral consequences alone can justify audita querela relief.  In the coram nobis context, the courts are split as to how severe collateral consequences must be to obtain relief—"several courts have indicated that something more than the stain of conviction is needed to show continuing collateral consequences," while "[o]ther courts have indicated that continuing collateral consequences invariably flow from a felony conviction alone"—the desire to rid oneself of those consequences generally *motivates* the petition for coram nobis in the first place. *United States v. George*, 676 F.3d 249, 254 (1st Cir. 2012) (collecting cases).  Mr. Garcia currently suffers consequences from his state felony convictions and status, so it's not clear what additional consequence he currently faces from his 18 U.S.C. § 922(g) conviction, nor does he point to any.  Mr. Garcia's failure to allege any specific collateral consequence further supports the United States' position that the Court should deny the relief sought.

## **CONCLUSION**

For the reasons described above, the United States respectfully asks the Court to deny Mr. Garcia's petition for a writ of audita querela.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically filed September 15, 2023*
SARAH MEASE
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that I electronically
filed the forgoing using the CM/ECF system
which will cause a copy of this filing to be sent to
counsel for Defendant.

/s/
SARAH MEASE